FILED

JAN 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSH DONLEY,

    Plaintiff - Appellant,

 v.

BENTON COUNTY CORRECTIONS; et al.,

    Defendants - Appellees.

No. 11-35802

D.C. No. 2:10-cv-05043-CI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted December 19, 2012[**]

Before:  GOODWIN, WALLACE, and FISHER, Circuit Judges.

  Washington state prisoner Josh Donley appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

2004), and we affirm.

The district court properly granted summary judgment because Donley failed to establish a genuine dispute of material fact as to whether defendants consciously disregarded Donley's serious medical needs related to the treatment of an infection in his left knee. *See id.* at 1057-58 (discussing objective and subjective elements of deliberate indifference claim and explaining that inmate's difference of opinion with physician concerning the course of treatment does not amount to deliberate indifference); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (isolated instances of negligence do not constitute deliberate indifference and delay in treatment is also insufficient absent proof that it resulted in further significant injury or the wanton infliction of pain).

Donley's arguments that the district court improperly granted summary judgment after concluding that triable disputes existed and improperly resolved his objections to the magistrate judge's report and recommendation are rejected.

We do not address issues raised for the first time in a reply brief, including Donley's evidentiary objections to defendants' statement of facts. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

**AFFIRMED.**